UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUESTAR GENOMICS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CHUNXIAO SONG, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-04507-JST<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER**<br><br>Re: ECF No. 168 |

Before the Court is Plaintiff Bluestar Genomics' ("Bluestar") motion for relief from a non-dispositive pretrial order of a magistrate judge. ECF No. 168. Bluestar seeks relief from Magistrate Judge Cisneros' order denying Bluestar's request to compel Defendant Dr. Chunxiao Song to produce documents responsive to Bluestar's Requests for Production ("RFPs"). ECF No. 167. The Court will deny the motion.

"A non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.'" *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (quoting Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Ingram v. Pac. Gas & Elec. Co.*, No. 12-cv-02777-JST, 2013 WL 6174487, at *2 (N.D. Cal. Nov. 25, 2013) (quoting *Conant v. McCoffey*, No. 97-cv-0139-FMS, 1998 WL 164946, at *2 (N.D. Cal. Mar. 16, 1998)). The district court "may not simply substitute its judgment" for that of the magistrate judge. *Grimes*, 951 F.2d at 241. Rather, "the district court may only set aside [a magistrate judge's] factual determinations if it is left with a definite and firm conviction that a mistake has been committed." *EEOC v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (quotation marks and citation omitted). This "deferential standard . . . indicates that

decisions by the magistrate judge on non-dispositive matters are essentially final decisions of the district court which may be appealed in due course with other issues." *United States v. Abonce-Barrera*, 257 F.3d 959, 968–69 (9th Cir. 2001) (quotation marks and citation omitted).

Bluestar previously moved to compel the production of documents responsive to its requests for production. ECF No. 150. Judge Cisneros denied the motion to compel because the documents in question were located on the University of Oxford's ("Oxford") computer system, and Dr. Song did not have the requisite "possession, custody, or control" over them. ECF No. 167. Bluestar contends that Judge Cisneros clearly erred in reaching this conclusion, because Dr. Song has "possession, custody, or control" over his personal documents—such as his Bluestar documents (not maintained for his work as an Oxford professor)—that are stored on the Oxford computer system. ECF No. 168 at 2. The Court is not persuaded.

Rule 34 requires production of relevant documents that "are in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). "Control is defined as the legal right to obtain documents upon demand." *United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989). Judge Cisneros explained that "[d]ocuments are not discoverable under Rule 34 if the entity that holds them could legally—and without breaching any contract—continue to refuse to turn over such documents." ECF No. 167 at 9 (citing *Matthew Enter., Inc. v. Chrysler Grp. LLC*, No. 13-CV-04236-BLF, 2015 WL 8482256, at *3 (N.D. Cal. Dec. 10, 2015)). She also explained that "control" or a legal right to access documents may be created by employment, and that "[t]he requisite relationship is one where a party can order the person or entity in actual possession of the documents to release them." *Id.* (internal citations omitted). "The party seeking production of the documents . . . bears the burden of proving that the opposing party has . . . control." *Id.* (*see also Matthew Enter., Inc.*, 2015 WL 8482256, at *3).

Judge Cisneros relied on an email from Oxford's attorney which stated that documents Dr. Song could access in his capacity as an Oxford employee: (1) "unless established otherwise, will belong to the University"; (2) "may contain information confidential to Oxford and/or information subject to privilege;" and (3) "as a result, can only be produced by Oxford, or otherwise with its consent." ECF No. 167 at 10 (citing ECF No. 150-5 at 2.) In other words, that Dr. Song had no

independent right to produce the documents to a third party.  Judge Cisneros noted that "Oxford also unequivocally informed [Dr. Song] that it does not consent to the production of these documents by Dr. Song in relation to the RFPs at issue here."  *Id.*

Based on "Dr. Song's employment contract, Oxford's IT regulations, and Oxford's January 16–17, 2024 email correspondence with Dr. Song," Judge Cisneros held that that "Dr. Song lacks control, namely, a legal right to produce in this litigation all responsive documents from the Oxford computer system which he has access to."  ECF No. 167 at 10.  She found that Bluestar failed to meet its burden that Dr. Song has control over the documents.  *Id.* at 15.

Bluestar also separately argued that because Dr. Song produced documents from the Oxford computer system earlier in the litigation, Dr. Song has a legal right to obtain and produce such documents.  As to this argument, Judge Cisneros concluded that at the time Dr. Song produced that set of documents, he did so believing that Oxford had consented to their disclosure.  *Id.* at 10–11.  She also held that "[p]rior production by Dr. Song of these documents is not dispositive of the question before the Court" because even "[i]f Oxford did consent, . . . it is now withdrawing that consent, and Bluestar [] cited to no authority indicating that Oxford is legally prevented from doing so."  *Id.* at 11.

In asking this Court to reverse Judge Cisneros's order, Bluestar argues that Judge Cisneros failed to consider whether Dr. Song should be compelled to produce his personal documents stored on the Oxford system.  ECF No. 168.  In support of this point, Bluestar makes three arguments: first, that Dr. Song previously produced the relevant documents (not maintained for his work as an Oxford professor) from the Oxford system; second, that Oxford's server should not become a discovery shield; and third, that Judge Cisneros' order is internally inconsistent.  The Court is not persuaded by these arguments.

First, to the extent that Bluestar re-raises the argument that Dr. Song must produce documents from the Oxford system because he did so once before, ECF No. 168 at 5, Bluestar has not demonstrated that Judge Cisneros' order is clearly erroneous or contrary to law.  As Judge Cisneros explained in her order, even "[i]f Oxford did consent [earlier], . . . it is now withdrawing that consent, and Bluestar [] cited to no authority indicating that Oxford is legally prevented from

3

doing so." ECF No. 167 at 10–11. Bluestar cites no authority to the contrary.

Second, Bluestar argues that Judge Cisneros' factual findings are clearly erroneous because they did not address Dr. Song's personal documents—that is, her order "erroneously conclude[d] that Dr. Song [could not] produce *his own documents* simply because he ha[d] stored them on his employer's server." ECF No. 168 at 3 (emphasis added). Bluestar argues that "Oxford's server should not become a discovery shield for Dr. Song's personal emails and documents." *Id.*

Notwithstanding the argument's superficial appeal, Bluestar cites to no case that suggests that Dr. Song has control over his personal documents on Oxford's computers and servers—that is, Bluestar points to no case which holds that the test for "control" is different when the nature of the documents stored on an employer's servers are "personal." Although Bluestar relies on *Meyer v. County of San Diego*, that case does not stand for the proposition that, as Bluestar suggests, "an employee had custody and control over the email and messaging accounts associated with [the] employer." ECF No. 168 at 3 (citing No. 21-CV-341-RSH-BLM, 2024 WL 86603, at *11 (S.D. Cal. Jan. 8, 2024)). Instead, in *Meyer*, the court found that the defendant "did not submit a declaration explaining why she cannot access her own emails and messages," and did not "establish[] that she does not have custody or control of her email and/or messaging account[s]." 2024 WL 86603, at *11. Here, Dr. Song explained and provided evidence that he did not have Oxford's consent to produce the documents. The *Meyer* holding does not apply to this case. And Bluestar cites no authority for the proposition that an employee's designation of a document as "personal" trumps the employer's possessory interest in its own servers.

Third, Bluestar argues that there is an internal inconsistency in Judge Cisneros' order because "[i]t cannot be true that Dr. Song both stored documents on Oxford's server that are 'completely unrelated to his work at Oxford' and only used Oxford's system for 'purposes directly connected with the work of the University.'" ECF No. 168 at 4–5. This argument conflates two related points. Judge Cisneros noted that Dr. Song "stored pertinent files on Oxford's computer system, including files related to consulting services he provided to Bluestar, which is completely unrelated to his work at Oxford." ECF No. 167 at 3. She also noted that Oxford's IT regulations provide that the "computer facilities and access to its computer networks [are] only for purposes

4

directly connected with the work of the University," and that breach of the regulations may lead to disciplinary proceedings. *Id.* (citing ECF No. 150-4). These points are not internally inconsistent. If Dr. Song violated the Oxford IT policy by using the Oxford system for purposes unrelated to the work of the University, then the remedy for that alleged breach lies, if anywhere, with Oxford. Dr. Song's actions do not mean that Oxford now forfeits authority over its servers. Bluestar's reliance on *uSens, Inc. v. Shi* for the argument that "courts regularly compel parties to produce relevant corporate documents in their possession, custody and control as employees of a third-party," does not compel a different result. No. 18-CV-01959-SVK, 2019 WL 13201984, at *2 (N.D. Cal. Apr. 24, 2019). As Judge Cisneros explained, in *uSens*, "the CEO of the company whose documents were being sought, admitted [during his deposition] that he 'possessed' the company's financial records," and the *uSens* court found that "[s]uch admissions . . . are sufficient to . . . demonstrat[e] control under Rule 34." ECF No. 167 at 12. By contrast, Judge Cisneros held that Bluestar presented no evidence indicating that Dr. Song admitted to possessing the relevant documents. *Id.* Nothing in Bluestar's motion shows that Judge Cisneros erred in so finding.

After careful consideration, the Court finds that Bluestar has not demonstrated that Judge Cisneros' order is clearly erroneous or contrary to law. Bluestar's motion for relief from a non-dispositive pretrial order of a Magistrate Judge is therefore denied.

**IT IS SO ORDERED.**

Dated: June 5, 2024



_____
JON S. TIGAR
United States District Judge